UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SIERRA CLUB, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:11-CV-515 |
| v. ) | *Consolidated Lead for* |
| ) | *Nos. 3:11-CV-516, 3:11-CV-527* |
| NATIONAL COAL, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. The parties appeared before the Court on January 8, 2013, for a motion hearing. Attorney Michael Becher was present representing the Plaintiffs. Attorneys William Penny and Corinne Martin were present representing the Defendant.

Now before the Court is Plaintiffs' Motion to Exclude Evidence [Doc. 42]. Plaintiffs move the Court to preclude Defendants from relying on the lab and monitoring records that have not been disclosed in response to requests for production served March 8, 2012, in dispositive motion practice. Plaintiffs argue that they have accommodated Defendant through generous extensions, and Plaintiffs submit that Defendant's justifications of company turnover and "the nature of the work" are insufficient.

Defendant responds that it has repeatedly informed the Plaintiffs of the logistical reasons for the prolonged delay in providing responses and specific documents. The Defendant maintains that the Plaintiffs seek to inappropriately and preemptively exclude evidence demonstrating disputed issues of material facts to avoid defeat of their own Motion for Summary Judgment. Defendant characterizes this motion as premature.

At the hearing held January 8, 2013, it was established that the Plaintiffs do not want the District Judge to delay ruling on Plaintiffs' Motion for Summary Judgment, filed September 9, 2012, based upon any late-filed document production. It was further established that there are two types of documents in issue. First, there are lab reports, with regard to which the parties agreed that the Defendant produced most of these lab reports on December 7, 2012, with a small supplement made in the last week of December. Second, there are (non)-compliance[1] reports. The parties agreed that: Defendant has **not** produced these reports; Defendant has **not** filed these reports with the Court; and the Defendant has **not** asked the Court to delay ruling on the Plaintiff's Motion for Summary Judgment to await these reports.

Based upon the facts established at the hearing, the Court finds that the Motion to Exclude Evidence **[Doc. 42 in No. 3:11-CV-515; Doc. 42 in No. 3:11-CV-516; Doc. 41 in No. 3:11-CV-527]** is not well-taken, and it is **DENIED** on that basis. The undersigned finds that the District Judge is not delaying the ruling on the Plaintiffs' Motion for Summary Judgment. There is no stay in this case awaiting production of these materials, and no party has filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure in an attempt to delay ruling.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Plaintiffs refer to these reports as "non-compliance reports." Defendant refers to them as "compliance reports."