UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SIERRA CLUB, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:11-CV-515 |
| v. ) | *Consolidated Lead for* |
| ) | *Nos. 3:11-CV-516, 3:11-CV-527* |
| NATIONAL COAL, LLC, ) | (VARLAN/GUYTON) |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral [Doc. 93] of the District Judge.

Now before the Court is a Motion to Withdraw as Counsel, filed by Attorneys William L. Penny, Corinne E. Martin, and W. Blaine Early, III, and the law firm of Stites & Harbison PLLC. Counsel represent that they were retained to represent the Defendant in this case, and this case was concluded by entry of a Consent Decree on September 11, 2013. Counsel moves the Court to allow them to withdraw from this case due to the Defendant failing to pay a majority of its fees associated with the litigation of this case, despite timely submitted invoices and demands made by counsel. Counsel also submits that the Defendant has not authorized counsel to perform any additional work on this case. Moreover, because a final judgment has been entered in these consolidated cases as represented by the consent decree, counsel states that withdrawal would not prejudice the Defendant.

The Court observes that Local Rule 83.4(f) governs the withdrawal of an attorney of record. The rule provides that absent extraordinary circumstances, the Court shall not allow counsel for a corporation, artificial person, or legal entity created by statute to withdraw from

representation unless substitute counsel has been obtained.  In addition, Tennessee Rule of Professional Conduct 1.16(b) provides that a lawyer may withdraw from representation if withdrawal can be accomplished without material adverse effect upon the client's interest or when continued representation would result in a substantial financial burden on the lawyer.

As an initial matter, the Court finds that no party has responded in opposition to the Motion to Withdraw, and the time for doing so has expired.  See E.D. Tenn. L.R. 7.1.  The Motion to Withdraw could be granted on this basis alone.  See E.D. Tenn. L.R. 7.2.  The Court also finds that the Defendant's failure to pay its attorney's fees qualifies as an extraordinary circumstance under Local Rule 83.4(f).  See Arco Envtl. Remediation, L.L.C. v. RDM Multi-Enterprises, Inc., 166 F. App'x 929, 930 (9th Cir. 2006) (holding that the district court did not abuse its discretion in granting an LLC's attorney to withdraw and leaving the corporation unrepresented because the LLC was not cooperating or assisting in its representation); Rabin v. McClain, No. SA-10-CV-981-XR, 2011 WL 3793939, at 2* (W.D. Tex. Aug. 25, 2011) (allowing counsel to withdraw because LLC client had failed to pay its legal fees and noted that because a corporation is not permitted to proceed *pro se*, the LLC had 30 days to obtain new counsel); Carpenters' Dist. Council of Greater St. Louis v. Evans Concrete, Inc., No. 4:08-CV-49 CAS, 2008 WL 5191338, at *2 (E.D. Mo. Dec. 10, 2008) (holding that although the court generally does not allow counsel for a corporation to withdraw unless substitute counsel has entered an appearance, the court granted the motion to withdraw due to the corporation's failure to pay its attorney's fees).

Based upon the foregoing, the Motion to Withdraw as Counsel **[Doc. 92 in No. 3:11-CV-515]** is well-taken, and it is **GRANTED**.  Attorneys William L. Penny, Corinne E. Martin, and W. Blaine Early, III, and the law firm of Stites & Harbison PLLC are **RELIEVED** as counsel in

this case.  To the extent Defendant intends to retain counsel for post-judgment proceedings, it will have thirty (30) days in which to obtain such counsel.  The movants shall produce a copy of this Memorandum and Order to the Defendant.

    **IT IS SO ORDERED**.

                                ENTER:

                                      s/ H. Bruce Guyton
                                  United States Magistrate Judge